UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────────────────X

**NOT FOR PUBLICATION**

SIMON GOREN,

            Plaintiff,

-against-                                02-CV-4999 (NGG)

FRANK CULLEN; JULIAN ALVAREZ;
WALL STREET EQUITIES, INC.,

            Defendants.
────────────────────────────────────────X

SIMON GOREN,

            Plaintiff,

-against-                                02-CV-5129 (NGG)

TD WATERHOUSE INVESTOR SERVICES,

            Defendant.
────────────────────────────────────────X

GARAUFIS, United States District Judge:

MEMORANDUM AND ORDER

For the reasons set forth below, the Court consolidates these matters, grants plaintiff's request to proceed *in forma pauperis* solely for the purpose of this Order,[1] and directs plaintiff to file a consolidated third amended complaint within thirty (30) days under docket number 02-CV-

---

[1] Because the Court was unable to determine if plaintiff's amended complaints stated a claim on which relief can be granted, see 28 U.S.C. § 1915 (e)(2)(B)(ii) ("A district court shall dismiss a case at any time if the court determines that the action . . . fails to state a claim on which relief may be granted."), plaintiff was granted *in forma pauperis* status solely for the purpose of the Court's January 14, 2003 Order. Again the Court grants *in forma pauperis* status solely for the purpose of this Order and directs plaintiff to file one consolidated third amended complaint within thirty (30) days.

1

4999.

Background

Plaintiff filed these two *pro se* complaints on September 6, 2002. On October 9, 2002, plaintiff filed amended complaints in both actions. By Order dated January 14, 2003, the Court directed plaintiff to file second amended complaints in both actions within thirty days. After being granted an extension of time, plaintiff filed second amended complaints in both actions on March 28, 2003 and then filed notices of appeal in both actions on October 14, 2003. The cases were therefore transmitted to the United States Court of Appeals for the Second Circuit. By Mandate issued September 21, 2004, the appellate court dismissed both appeals for lack of jurisdiction. On March 3, 2005, the case files were returned to this Court.

Discussion

Despite the delay caused by plaintiff's trip to the Court of Appeals, this case is still in its nascent stage. Although plaintiff filed his second amended complaints as directed by the Court, his complaints fail to give the Court and the defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8 (a)(2). Even with permissive notice pleading expounded by cases such as Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), Wynder v. McMahon, 360 F.3d 73 (2d Cir. 2004) and McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004), plaintiff's second amended complaints herein do not satisfy the requirements of Fed. R. Civ. P. 8 (a)(2). As the Supreme Court noted in

Swierkiewicz,

> Rule 8 (a)(2) provides (a) that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief," and (b) that such a statement simply "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"

Wynder, 360 F.3d at 76 (quoting Swierkiewicz, 534 U.S. at 512 and Conley, 355 U.S. at 47).

The Court's January 14, 2003 Order to amend the complaint directed plaintiff to submit specific documents.[2] As to Goren v. Cullen et al., 02-CV-4999 (NGG), the Court directed plaintiff to attach: (1) copies of the NASD Disciplinary Action issued February 2001; (2) copies of documents involved in the NASD arbitration, including subpoena; pre-hearing notices; the hearing record of February 21, 2002; the ruling issued in the arbitration; (3) all letters and notices sent to and received from the NASD; (4) all documents regarding the Disciplinary Action against defendant WSE that plaintiff found on the Internet; and, (5) copies of the memos by Berti, Cullen, Alvaraz and Scarpa sent to plaintiff on March 26, 2001.

As to Goren v. TD Waterhouse, 02-CV-5129 (NGG), the Court instructed plaintiff to attach: (1) all documents concerning plaintiff's TDW account;(2) all documents or other proof showing how plaintiff knows that TDW forged his social security number; (3) all documents or other proof that TDW without plaintiff's permission or knowledge: (a) bought 960 shares of IRF; (b) transferred 400 shares of AMD; (c) transferred 400 shares of PFE; (d) transferred 1000 shares of DBCC; and (e) bought 2000 shares of ITEC; (4) all documents or other proof showing how plaintiff discovered the allegedly false transactions on March 2, 2000; (5) all letters to and from the IRS; (6) all relevant documents in connection with case #2000-8859; (7) all documents in

---

[2]The Court's Order was entered before the Second Circuit's February 5, 2004 decision in McEachin, 357 F.3d 197 and March 1, 2004 decision in Wynder, 360 F.3d 73.

connection with the TDW arbitration and the June 28, 2000 (or June 28, 2001) hearing, including the decision, if any, and the arbitration award; and (8) all documents or other proof of the alleged forgery of the telephone touch-tone system records list, and a copy of the seven-page list referred to by plaintiff.

Generally, the Court would not request specific documents from plaintiff. However, after sifting through plaintiff's initial amended complaint, the Court directed plaintiff to provide specific information to supply the notice of his claim required by Rule 8 (a)(2). Plaintiff submitted approximately 250 pages of documents with each of his second amended complaints, including some that the Court requested; however, he did not attribute or connect any of the documents to his statement of his claim. The Court has reviewed these documents, including the award rendered in the arbitration between Simon Goren and Wall Street Equities, Inc., Frank Cullen and Julia Alavarez on July 12, 2002 dismissing all of plaintiff's claims, Goren, 02-CV-4999, Second Amended Complaint, Att. at pp. 212-16,[3] the arbitration award rendered in the arbitration between plaintiff and TD Waterhouse, Inc. entered June 28, 2001, awarding plaintiff $4,000.00 on his claims, Goren, 02-CV-5129, Second Amended Complaint, Att. at p. 166, and proof that the defendant paid plaintiff the amount awarded. Id. at 169.

Defendants cannot be expected to respond to plaintiff's complaints as presented. Plaintiff's second amended complaint is incoherent and rambling. As an example, paragraph 7(d) of the second amended complaint filed in 02-CV-4999 reads as follows:

---

[3]In the award, the arbitrator states that at the arbitration hearing of this matter, plaintiff "refused to be sworn in by the Arbitrator . . . ." and "advised that he would not be participating in the hearing. The arbitrator advised [plaintiff] that the hearing would continue in his absence, and [plaintiff] stated that he understood. [Plaintiff] then left the hearing." Id. at 213.

> Same time NASD Inc., "Whose Urgent Duty is to help NASD member Brokerage Firms Victim INVESTORS" instead this obligation, Find for NASD Himself and for Robber Brokerage Firm the 'Loophole,' the "language,' and the 'Quotation', "The Swindler Brokerage firm "Without Admitting or Denying the Allegation", the accusation,?! NASD earn himself $10,000 and on the SPOT Covered the outrageous overcharged and fraud Case. Leave the Bankrupted old man, to the shark brokerage firm to tear to pieces. AS!!!! Same Time! After Six Month Investigation NASD Inc. Send me Letter, "The Evidence dose not at this time Warrant the Institution of Disciplinary Action Against Wall Street Equities, Inc.'?!

Plaintiff's complaints fail to give the required short and plain statement of the claim showing that he is entitled to relief.

Moreover, if plaintiff is seeking to obtain review of the arbitration awards, he must set forth the basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 8 (a)(1) ("A pleading . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends. . . ); see Federal Arbitration Act (FAA), 9 U.S.C. §§ 10, 11, 12; Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n. 32 (1983) (the FAA creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise. . . . [T]here must be diversity of citizenship or some other independent basis for federal jurisdiction. . . . for enforcement of the Act is left in large part to the state courts[.]); Perpetual Securities, Inc. v. Tang, 290 F.3d 132, 140 (2d Cir. 2002) (same). Plaintiff is further advised that a motion to vacate, modify or correct an arbitration award must be filed no less than three months after the award is filed or delivered. 9 U.S.C. § 12; Florasynth, Inc. v. Pickholz, 750 F.2d 171 (2d Cir. 1984) ("a party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run, even when raised as a defense to a motion

to confirm.").

## Conclusion

Accordingly, the Court grants plaintiff thirty (30) days to submit one consolidated third amended complaint under docket number 02-CV-4999 setting forth the facts underlying his claims for relief against the named defendants. Any documents submitted with the complaint shall be explained by the plaintiff in his complaint. Plaintiff shall set forth his allegations in numbered paragraphs. Plaintiff is advised that the third amended complaint will completely replace the other complaints he has filed. The third amended complaint shall comply with Fed. R. Civ. P. 8 (a) by setting forth " a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief."

The Clerk of Court is directed to close Goren v. TD Waterhouse Investor Services, 02-CV-5129; all further entries shall be filed under docket number 02-CV-4999. No summons shall issue at this time and all further proceedings shall be stayed for thirty days for plaintiff to comply with this Order. If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 15, 2005                            /s/ Nicholas G. Garaufis
     Brooklyn, N.Y.                                Nicholas G. Garaufis
                                                                 United States District Judge