UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────X

SIMON GOREN,

                Plaintiff,                   MEMORANDUM AND ORDER
  -against-                              02-CV-4999 (NGG)

FRANK CULLEN; JULIAN ALVAREZ;
WALL STREET EQUITIES, INC.,

                Defendants.
──────────────────────────────────────X

GARAUFIS, United States District Judge:

On September 6, 2002, plaintiff filed two *pro se* complaints. On October 9, 2002, plaintiff filed amended complaints in both actions. By Order dated January 14, 2003, the Court directed plaintiff to file second amended complaints in both actions within thirty days. After being granted an extension of time, plaintiff filed second amended complaints in both actions on March 28, 2003 and then filed notices of appeal in both actions on October 14, 2003. The cases were therefore transmitted to the United States Court of Appeals for the Second Circuit. By Mandate issued September 21, 2004, the appellate court dismissed both appeals for lack of jurisdiction. On March 3, 2005, the case files were returned to this Court.

By Order dated August 15, 2005,[1] the Court directed plaintiff to file a consolidated third amended complaint under docket number 02-CV-4999 setting forth the facts underlying his claims for relief against the named defendants.[2] Plaintiff was advised that any documents

---

[1] The Clerk of Court was directed to close Goren v. TD Waterhouse Investor Services, 02-CV-5129 and to file all further entries under docket number 02-CV-4999.

[2] Plaintiff's second amended complaints had failed to give the Court and the defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v.

1

submitted with the complaint shall be explained by the plaintiff in his complaint, that plaintiff should set forth his allegations in numbered paragraphs, and that the third amended complaint shall comply with Fed. R. Civ. P. 8 (a) by setting forth "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief." On September 8, 2005, plaintiff filed a complaint in response to the order, although not entitled "third amended complaint." The court shall treat the submission as plaintiff's third amended complaint.

Discussion

Plaintiff submits a six page, single-spaced document that largely consists of incoherent and rambling accusations against this Court and the United States Court of Appeals for the Second Circuit.[3] Once again, it is impossible to discern what plaintiff is alleging and defendants cannot be expected to respond to the complaint as presented. For example, paragraph 32 of plaintiff's third amended complaint states as follows:

> If USCA and DC Chief Judges will Treat so Cold and Indifferent way, what happening in their custody Entrusted Courts Employed officials, as, to Case assigned to Judges and clerks used their state positions as their privet business, and the Case against U.S.F.D. Court Judge Garaufis, Perverted, in case against Brokerage Firm TDW Inc, with direct supported and Complicity from Second Circuit USCA.

---

Gibson, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8 (a)(2).

[3] Plaintiff also attaches: complaints dated April 20, 2005 and June 24, 2005, against this Court and the Second Circuit that he sent to the State of New York Office of the Attorney General and to the New York State Commission on Judicial Conduct; a letter addressed to plaintiff dated July 27, 2005, informing him that his complaints will be forwarded to the New York State Commission on Judicial Conduct; and a letter from the New York State Commission on Judicial Conduct dated July 25, 2005, stating that his complaints were dismissed for lack of jurisdiction.

Third Amend. Compl. at p. 3, ¶ 32. In paragraphs 41 and 42 of the complaint plaintiff states,

> What kind of Justice I can expect from U.S.F. D.Court of N.Y. Judge Hon. N.G. Garaufis, who Committed seven (7) Different Forgery and Violations, Behold Same Defendant Brokerage Firms, in Case, of which HE is appointed as case Judge?! This mean, in this Court is Committed open Lawlessness, Relapsed actions in (3) year, on Case No. 02-cv-5129-NGG, which is closed in invented now false Reason, must opened immediately and, I Categorically Request to remove the no deserve any Trust. Hon. Judge N.G. Garaufis from both my case.

Third Amend. Compl. at p. 4, ¶ 41.

> As in EDC of N.Y, and Second Circuit USCA is committed Dozens of forgeries of official issued both Court Dockets, and in Civil Docket Case forged recorded Texts, I on 8/29/05 submitted all this committed forged dockets to Second Circuit clerk, the clerk called his supervisor, who stated me, She not will accept so much (160) submitted dockets.

Third Amend. Compl. at p.4, ¶ 42.

Plaintiff's third amended complaint clearly fails to give the required short and plain statement of the claim showing that he is entitled to relief and fails to set forth the basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 8 (a)(1) ("A pleading. . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends. . . ). As such, after giving plaintiff three opportunities to amend his complaint in accordance with Fed. R. Civ. P. 8, the Court is left with no choice, but to dismiss the complaint. See Branum v. Clark, 927 F2d 698, 705 (2d Cir.1991) ("the court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated".)

Conclusion

Accordingly, the complaint is dismissed pursuant to Fed. R. Civ. P. 8. The Court certifies

pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/
NICHOLAS G. GARAUFIS
United States District Judge

Dated: Brooklyn, New York
October 28, 2005